The Chief Justice delivered the opinion of the court.
Bayab.d, Chief Justice:
A suit was instituted in the Superior Court for this county, by William Freeman, a citizen of the State of Massachusetts, against Thomas Fisher, a citizen of the State of Pennsylvania, by writ of foreign attachment returnable to October term, 1837. The attachment was dissolved by putting in special bail, and on the 26th of October, 1840, John Reed, the special bail, surrendered Fisher in open court, who was thereupon committed to the county jail. On the same day, Fisher applied to the court for a writ of habeas corpus, which was accordingly issued, directed to the sheriff, to bring up his body. ’The sheriff’s return states the facts of the institution of the original suit, the surrender of Fisher by his bail, and his commitment by the court.
Against this return, it is suggested on behalf of Fisher, that the cause of action on which - the suit was brought, was the acceptance of a bill of exchange, drawn upon him at Philadelphia, of which place he is a resident citizen, accepted there and payable there; and that since the acceptance and maturity of the bill, he has been discharged from imprisonment as regards this claim, by the Court of Common Pleas of the county of Philadelphia, under the insolvent laws of the State of Pennsylvania. Fisher claims to be discharged from imprisonment here, on the ground of a particular comity al-ledged to exist between this State and the State of Pennsylvania; the scope of which is to recognize in the judicial proceedings of each State, the validity of the discharge from imprisonment under their respective insolvent laws.
In answer to this suggestion, a variety of pleas are filed on behalf of Freeman, which it is not necessary to notice particularly, since the discharge of Fisher as stated being admitted, the matter must resolve itself into the simple question, whether such a particular comity exists between the two States. The case has been argued on *278 behalf of Freeman, as if the discharge under the insolvent laws of Pennsylvania 'had been pleaded in bar to the recovery of the debt, and involved in its consequences, that provision of the constitution of the United States, which prohibits a State from passing a law impairing the obligation of contracts, instead of being an application for a mere discharge from imprisonment as part of the remedy furnished by the lex fori of this State.
No distinction can be more obvious or better settled than that between the obligation of a contract, and the remedy given by the Legislature to enforce it. “Imprisonment (says Marshall, C. J., in delivering the judgment of the Supreme Court in Sturges vs. Crowningshield, 4 Wheat. Rep. 200,) is no part of the contract, and simply to release the prisoner does not impair its obligation.” The same point is directly recognized and enforced in Mason vs. Haile, 12 Wheat. Rep. 378. Freeman, after the discharge of Fisher in Pennsylvania, was at liberty to sue him upon the same contract wherever he found him, but whether he would have a right to arrest bis person, would depend on the law of the particular forum where he sought to enforce it. Some States have abolished imprisonment for debt altogether, while others have retained it with qualifications. It is not pretended that the discharge in Pennsylvania, operated proprio vigore as a discharge here, but simply that the remedy of imprisonment, as part of the law of the forum in this State is regulated by the comity existing between the two States. It is true, that “the comity of nations” as a branch of international law, does not require that the discharge from imprisonment as part of the remedy of the forum in another State, should be regarded here; since no principle is better established than that the forms of remedies and modes of proceeding are to bo regulated by the laws of the place where the action is instituted. But a comity may exist between two or more States in this particular, which is an extension of the general law. The comity if it exists, is not the comity of the courts, but the comity of the States, “which (says Story) is administered and ascertained' in the same way and guarded by the same reasoning by which all other principles of municipal law are ascertained and guarded.” (Story Confl. of Laws, 37.) If the comity exists, we cannot look behind the proceedings of the Pennsylvania, court. And it matters not whether the parties were both citizens of the State of Pennsylvania at the time of the discharge, or whether they are citizens of this State at the.present time, since their rights in relation to the matter *279 under consideration, must be regulated solely by the lex fori of this State in which-the suit is depending, and they can have no other or greater rights than citizens of the State generally.
Wales and Frame, for the petitioner.
Bates and Clayton, contra.
As to the fact of the existence of such q. comity between this State and the State of Pennsylvania, there cannot be a doubt. It is a matter of daily practice; has prevailed from the earliest period of their political existence; and is evidenced by the reports of judicial proceedings in each State. (McGlensey & Wolfe vs. McLean, 1 Harr. Rep. 466.) It had its origin no doubt in the soundest principles of policy, growing out of the fact that the States are conterminous; were subject originally to the same proprietary government; and were linked together by the strongest ties of social and commercial-intercourse. As this comity extends no farther in its enlargement of the general rules of the comity of nations, than merely to the discharge of the person from, imprisonment, there is nothing in such a measure which is repugnant to the law of this State. But as to that part of the insolvent laws of Pennsylvania, which permits a preference of particulur creditors in the assignment of the debtor’s property, it would of course be disregarded in the tribunals of this State, and such assignment so far as it affected property within this State, would be absolutely void, as repugnant to the act of assembly.
Thomas Fisher is discharged from the custody of the sheriff, upon payment of costs.